THOMAS F. ALTMAN, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—3186

Opinion filed December 31, 1991.

Richard J. Puchalski, of Puchalski, Keenan & Reimer, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Thomas Altman, appeals from an order of the circuit court of Cook County dismissing his complaint against defendants, the City of Chicago and the Chicago police department (Department), pur-

suant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The trial court held that plaintiff's claim, which sought to enforce a right to a promotion, was insufficient as a matter of law. The only issue on appeal is whether the trial court erred in dismissing the complaint in which plaintiff claimed he had a contractual right to a higher performance rating and a promotion.

We affirm.

Plaintiff has been employed as a police officer for the Department since 1968. In March 1978, plaintiff was injured while on duty. He was hospitalized and placed on medical leave until June 6, 1978. In December 1988, plaintiff was denied a promotion. He brought an action seeking a declaration of his rights under the Department's written promotional policies.

Plaintiff alleges that the Department's written notices create a uniform system for rating police officers for purposes of promotion. He further alleges that the departmental notices create a contractual right for officers seeking a promotion to the rank of sergeant. Specifically, plaintiff contends that he received a lower performance rating because the Department improperly considered his 1978 illness in violation of its notices.

The record includes two departmental notices issued by the Department which address the responsibilities of command personnel in conducting performance ratings. The pertinent sections of the departmental notices state the following:

"III. RESPONSIBILITIES OF COMMAND PERSONNEL

A. Command personnel are responsible for the administration of the Performance Rating System within units under their supervision. They will ensure that:

1. the system is administered fairly.

2. large numbers of members are not set back by a policy of assigning high performance marks to all members of a unit.

3. members deserving of a high grade are not given a low grade because a supervisor does not understand how the system operates.

* * *

VI. RESPONSIBILITIES OF THE RATER AND APPROVING RATERS

A. It is important that the rater judge each member under his command according to the same set of fair and impartial standards.

* * *

H. With reference to the trait 'Attendance and Promptness' the rater should be aware that a member taking sick leave is to be considered absent. Absences for medical reasons should be carefully evaluated before assigning a grade for the Attendance and Promptness trait. The reasons, the duration, and the number of medical incidents are factors to be reviewed before assigning a grade for this trait. A long-term absence due to injury or illness should not be viewed the same as multiple absences of short duration.

* * *

K. The use of sick leave should be considered before assigning a grade to the Attendance and Promptness trait. Long-term illnesses or injuries justify absences for medical reasons, and the member with a good work history should not be *excessively* penalized for such absences. *** Such absences should be investigated before a satisfactory grade is assigned." (Emphasis added.)

After a hearing on defendants' motion to dismiss, the trial court held that the Illinois Supreme Court's decision in *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, does not provide public sector employees with enforceable contractual rights. The court further held that even if *Duldulao* was controlling plaintiff failed to meet the requirements necessary to establish a contractual relationship. The trial court found that plaintiff's claim was insufficient at law and dismissed the action pursuant to section 2—615. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) This appeal followed.

■■ On appeal, plaintiff maintains that the departmental notices create a contractual right for city police officers seeking a promotion. He further alleges that the Department improperly considered his 1978 illness in conducting his performance rating. Plaintiff relies on *Duldulao* to support his contention that the Department's policy on promotions created a contractual right. In *Duldulao*, our supreme court held:

"[A]n employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the em-

ployee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." (*Duldulao*, 115 Ill. 2d at 490.)

Plaintiff contends that the provisions contained in the departmental notices constituted a clear promise as to the procedures in promoting Chicago police officers. We disagree.

■■ Addressing the merits of plaintiff's claim, we do not believe that the Department's written policies for rating police officers created a contractual right for officers seeking a promotion. Under the holding in *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, the departmental notice must contain a clear promise that an employee would reasonably construe as an offer in order to create an enforceable contract. (*Duldulao*, 115 Ill. 2d at 490.) As the trial court properly noted, the employee handbook in *Duldulao* contained specific language in the policy statements that expressly required the employer to do and refrain from doing certain things. The departmental notices in the case at bar set forth a general policy which gives command personnel discretion in rating police officers.

The section relating to plaintiff's specific request is written in discretionary language. For example, the policy states that "[A]bsences for medical reasons *should* be carefully evaluated before assigning a grade ***." (Emphasis added.) In addition, although the policy states that long-term illnesses may be taken into account in performing an evaluation, it does not state the degree to which sick leave will be taken into consideration. It merely states that long-term illnesses should not be *excessively* penalized. This language does not promise that an officer's illness will not be considered when evaluating the officer's performance. To the contrary, it gives the rater discretion to determine the degree to which a long-term illness may be considered.

This court has recognized that "general statements of company policy or procedures which are discretionary in nature [are] too indefinite to constitute a clear promise which could reasonably be interpreted as an offer." (*Harrell v. Montgomery Ward & Co.* (1989), 189 Ill. App. 3d 516, 522.) We believe the language contained in the Department's notices gives command personnel wide discretion in weighing the degree to which a long-term illness may be taken into consideration. We therefore hold that the departmental notices are not "clear enough that an employee would reasonably believe that an of-

fer has been made." *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490.

"A complaint is properly dismissed where it appears that no set of facts can be proved which will entitle the plaintiff to relief." (*Torres v. Amoco Corp.* (1989), 186 Ill. App. 3d 135, 138.) Here, we find that plaintiff has not sufficiently alleged facts to support his claim.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.