Sasha Sophie JABLONSKI, Plaintiff,

v.

CHAS. LEVY CIRCULATING COMPANY, Defendant.

No. 94 C 6059.

United States District Court,
N.D. Illinois,
Eastern Division.

May 25, 1995.

Burr Erich Anderson, Kathleen M. Sullivan, Anderson & Franklin, Chicago, IL, for plaintiff.

David Manchester Lefkow, Arnstein & Lehr, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Sasha Sophie Jablonski brings this two-count action, alleging violations of the Americans with Disabilities Act and the Illinois Human Rights Act. Presently before the court is defendant Chas. Levy Circulating Co.'s motion to dismiss plaintiff's amended complaint. For the reasons set forth below, defendant's motion to dismiss is granted in part and denied in part.

### I. Background

Plaintiff Sasha Jablonski was employed by defendant as an accounts payable clerk from March, 1985, until May 4, 1992, when she was terminated. During the year prior to her termination, she had taken disability leave to have surgery performed on her knees. When she called defendant to return to work, she informed the personnel manager, Harriet Urbelis, that her only limitation was that she could not climb stairs. Urbelis informed Jablonski that, due to her physical limitations, there was no position available for her. However, Urbelis also told Jablonski that she should maintain her contacts with defendant, in the event a suitable position became available. Accordingly, between July 1, 1992 and September 11, 1992, Jablonski applied for various positions with the company. Each time, however, she was denied employment. Claiming that defendants' actions violated the Americans with Disabilities Act and the Illinois Human Rights Act, Jablonski filed the present action.

### II. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

### III. Discussion

Defendant first moves to dismiss Count I of Jablonski's complaint, which is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*[1] As noted above, Jablonski alleges that she was terminated on May 4, 1992. Because the effective date of the ADA for private employers like defendant was July 26, 1992, defendant correctly notes (and Jablonski concedes) that the statute does not cover Jablonski's termination.[2] Her complaint, however, also alleges that defendant failed to hire her for the positions she applied for *after* the effective date of the statute. In response, defendant argues that if an employee is terminated prior to the effective date of the ADA, the employee's unsuccessful attempts to be reinstated after the effective date of the ADA do not constitute new acts of discrimination, and are therefore not actionable under the ADA. *See, e.g., Gonzales v. Garner Food Servs., Inc.,* 855 F.Supp. 371, 374 (N.D.Ga.1994) (cited by defendant). While we do not disagree with this basic principle, we believe that it is

---

1. Although Jablonski also cites the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.,* in her jurisdictional statement, it is apparent that she is not attempting to state a claim under Title VII. Instead, her reference to that statute merely indicates the incorporation of its remedies provisions into the Americans with Disabilities Act. *See* 42 U.S.C. § 12117(a).

2. The parties apparently do not dispute that the ADA does not apply retroactively. *See, e.g., Graehling v. Village of Lombard,* No. 94 C 4084, 1994 WL 698525, at *3 (N.D.Ill. Dec. 12, 1994) (collecting cases).

inapposite in the present case. As the Ninth Circuit stated, in the context of Title VII:

"A discharged employee who seeks to be reinstated is really litigating the unfairness of the original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer. The word reinstatement must be employed in this connection as the equivalent of uninterrupted employment.... The concept of a discriminatory refusal to hire is a different concept. If a person—whether a former employee or not—applies for employment and discriminatorily is refused employment ..., the employer has committed a separate and distinct unfair ... practice."

*Collins v. United Air Lines, Inc.*, 514 F.2d 594, 596–97 (9th Cir.1975) (quoting *NLRB v. Textile Machine Works*, 214 F.2d 929, 932 (3d Cir.1954)) (emphasis omitted). Plaintiff's allegations fall into the latter class. That is, she does not allege that defendant's discrimination was its failure to *reinstate* her; rather, plaintiff claims that the defendant's discrimination was its failure to *hire* her for the various positions for which she applied. While the distinction may be a fine one, it makes the difference in the present case. Because Jablonski alleges a refusal to hire, she is essentially asserting fresh acts of discrimination independent of her termination. And because those acts fall within the effective date of the ADA, there is no basis to dismiss that portion of her lawsuit. Accordingly, defendant's motion to dismiss Count I is denied.[3]

▮ Defendant also moves to dismiss Count II of Jablonski's amended complaint, which is brought under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1–101, *et seq.* It is well established that "[t]he Act denies an aggrieved party direct access to the courts...." *Allen v. City of Chicago*, 828 F.Supp. 543, 559 (N.D.Ill.1993). Instead, a plaintiff must first file an action before the Illinois Department of Human Rights ("IDHR"); only when the IDHR issues a final order is judicial review available. *Id.* Indeed, as the Illinois Supreme Court has noted, "courts have no jurisdiction to hear independent actions for civil rights violations." *Mein v. Masonite Corp.*, 109 Ill.2d 1, 92 Ill.Dec. 501, 504, 485 N.E.2d 312, 315 (1985). Because Jablonski has failed to allege that she exhausted her administrative remedies, she cannot maintain her IHRA claim in this court. *See Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994) (district court "required to dismiss the claim for failure to exhaust administrative remedies under the Act"); *Allen*, 828 F.Supp. at 559 (IHRA claim subject to dismissal when plaintiff fails to allege exhaustion of administrative remedies). Accordingly, defendant's motion to dismiss Count II is granted.

## IV. Conclusion

For the reasons set forth above, defendant's motion to dismiss Count I is denied, and its motion to dismiss Count II is granted.[4] It is so ordered.

▮

---

3. Defendant implicitly suggests that inclusion of facts supporting an unactionable claim of wrongful termination is inappropriate. We disagree. It is well established that a discriminatory act which occurred before the effective date of a statute "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue...." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977).

4. Jablonski has filed a motion to strike defendant's motion to dismiss, or for an order that defendant's motion be taken as a motion to strike. However, because we believe that defendant's motion is more properly handled as a motion to dismiss, and because plaintiff's motion essentially functioned as a response to the arguments raised in defendant's motion to dismiss, we deny plaintiff's motion as moot.