Glen TSCHIDA, Plaintiff,

v.

RAMSEY COUNTY, Defendant.

Civil No. 4–95–506.

United States District Court,
D. Minnesota,
Fourth Division.

May 15, 1996.

Karla R. Wahl, Wahl Law Office, Minneapolis, MN, for plaintiff.

Kristine I. Legler Kaplan, Ramsey Cty. Atty. Office, St. Paul, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion to dismiss or, alternatively, for summary judgment. Based on a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion for summary judgment.

## BACKGROUND

Plaintiff Glenn Tschida ("Tschida") was employed by defendant Ramsey County ("Ramsey County") in a number of positions. The last years of his employment were spent in the sign shop of the Ramsey County Public Works Department ("Public Works") as a highway sign worker. This department of

Public Works fabricates and installs road signs and paints road markings. Tschida primarily worked indoors at the sign shop from 1979 until 1986. After 1986, however, more and more of his time was spent outdoors. Tschida, through his physician and later an attorney, objected to the length of time spent outdoors due to a respiratory condition from which Tschida suffered. In August 1988, Tschida was injured while moving a paint drum off of a curb. When Tschida returned to work in December 1988, he received a light duty assignment in the sign shop. He continued in this position until November 1989, when Ramsey County removed him from this position and placed him in a workers' compensation job placement plan.

In July 1990, Tschida filed suit against Ramsey County in state court alleging disability discrimination and retaliation under the Minnesota Human Rights Act ("MHRA"). The district court granted Ramsey County's motion for summary judgment on Tschida's disability claim but tried Tschida's claim of retaliation. After a bench trial, the district court concluded that Ramsey County did not retaliate against Tschida for filing his civil rights complaint. *Tschida v. Ramsey County*, No. C8–90–9106 (Ramsey Cty.Dist.Ct. June 2, 1993) (unpublished). Both holdings of the district court were affirmed on appeal. *Tschida v. Ramsey County*, 1994 WL 233580 (Minn.Ct.App. May 31, 1994) (unpublished).

In May 1992, Tschida received a letter from Ramsey County informing him that his workers' compensation leave of absence ended on May 19, 1992, and that his employment would terminate on that date unless he applied for an unpaid medical leave of absence. Tschida asserts that after receiving this letter, he requested and was denied the opportunity to return as a highway sign worker. Ramsey County asserts that Tschida's employment was terminated as of May 19, 1992, based on his failure to apply for an unpaid

medical leave. Tschida also applied for a variety of other positions with Ramsey County during 1992, 1993 and 1994, including Assistant General Supervisor for Maintenance and Construction, Utility Inspector, Labor Crew Leader and General Supervisor of Maintenance and Construction. Tschida applied for positions with Ramsey County outside of the Department of Public Works, including Correctional Officer, Diversity Specialist, Financial Worker, Mechanical Stock Clerk, Support Enforcement Agent and Employment Guidance Counselor. Finally, Tschida again requested reinstatement to the Department of Public Works by letter dated July 1, 1993, asserting that his employment with Ramsey County had never been terminated. Tschida's request was denied. On March 17, 1994, Tschida filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). He received a right to sue letter on May 11, 1995, and filed this action on August 8, 1995, alleging a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Ramsey County moves to dismiss, or alternatively, for summary judgment.[1]

## DISCUSSION

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

---

1. Although defendant styled its motion as a motion to dismiss for lack of jurisdiction, defendant has failed to assert any grounds upon which dismissal would be appropriate. Rather, each ground asserted is more properly considered at the summary judgment stage. Tschida had notice of defendant's alternative motion for summary judgment, has submitted matters outside of the pleadings and has not submitted a Rule 56(f) affidavit, thus, the court will address the merits of defendant's motion for summary judgment.

for that party. *Id.* at 249, 106 S.Ct. at 2510–11.

 On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson,* 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. The court applies this standard in the following discussion.

## A. Scope of Litigation

The parties dispute what claims are before the court. Tschida seeks to challenge his termination, Ramsey County's failure to reinstate him in July 1993 and the failure to hire him for various positions from 1992 until 1994. Ramsey County concedes that Tschida may challenge its failure to hire him for various positions in which he applied in 1992, 1993 and 1994. The acts occurred after the enactment of the ADA and, as he included these claims in his EEOC charge, Tschida has exhausted his administrative remedies. Ramsey County asserts, however, that Tschida may not challenge the July 1993 refusal to reinstate him as it was not a new act of discrimination, rather it is really an effort to challenge the 1989 placement on job search. Tschida may not challenge his termination in May 1992 as it was prior to the effective date of the ADA.

 In order to pursue a claim of discrimination under the ADA, a plaintiff must exhaust his administrative remedies. 42 U.S.C. § 12117(a) (incorporating the enforcement provisions of Title VII); 42 U.S.C. § 2000e–5(b)(c) and (e). Exhaustion requires that a timely charge of discrimination be filed with the EEOC which includes all challenged adverse employment decisions. A subsequently filed complaint will be limited to those actions contained in the EEOC charge with the exception that a plaintiff may pursue unexhausted claims that are like or reasonably related to the allegations contained in the timely EEOC charge. *Williams v. Little Rock Municipal Water Works,* 21 F.3d 218, 222 (8th Cir.1994). Further, the continuing violation doctrine permits courts to consider alleged discriminatory acts occurring prior to the statute of limitations period if the acts were part of a continuing pattern of discrimination. *Gardner v. Morris,* 752 F.2d 1271, 1279 (8th Cir. 1985).

 The continuing violation doctrine has no application to the facts of this case. Tschida has exhausted his administrative remedies regarding Ramsey County's failure to reinstate him in 1993 and its failure to hire him for various other jobs from 1992 to 1994. Tschida filed this lawsuit within 90 days of receiving his determination letter thus there is no procedural bar to consideration of those claims. Tschida, however, may not challenge his termination in May 1992 as it occurred prior to the effective date of the ADA, July 26, 1992. *See* 42 U.S.C. § 12111; Pub.L. 101–336, Title I, § 108, July 26, 1990, 104 Stat. 337. The ADA is not retroactive, thus, actions taken prior to its effective date cannot provide a basis for employer liability. *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295 (7th Cir.1995). The continuing violation doctrine cannot be invoked to allow retroactive application of the statute.

In an effort to avoid this result, Tschida attempts to place his termination date after the effective date of the ADA by claiming that he was an employee until April 1995, when his name was finally removed from a Ramsey County seniority list. Tschida's efforts are unavailing. Tschida testified in the

state court proceedings that he was terminated in May 1992. *See* Exhibit E to the Affidavit of Kristine Legler Kaplan, Docket No. 10. Tschida also submitted applications to Ramsey County which acknowledged he was terminated in May 1992. Exhibit A and B attached to the Affidavit of Dennis G. Walter, Docket No. 9. Moreover, Tschida has failed to exhaust his administrative remedies regarding any discriminatory termination. Tschida's discharge claim is not properly before the court.

## B. Failure to Hire

The ADA provides that no employer "shall discriminate against a qualified individual with a disability in regard to ... the hiring, advancement or discharge of employees." 42 U.S.C. § 12112. The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). A qualified individual with a disability is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Under the terms of the ADA, the accommodation must be reasonable and must not impose an undue hardship, such that the employer would be forced to incur significant difficulty or expense. 42 U.S.C. § 12112(b)(5)(A); 42 U.S.C. § 12111(10)(A).

To establish a prima facie case of disability discrimination under the ADA, Tschida must show that: (1) he is a disabled person within the meaning of the ADA; (2) qualified, with or without a reasonable accommodation, to perform the essential functions of the job; and (3) that he suffered an adverse employment decision under circumstances which give rise to an inference of discrimination. *Price v. S–B Power Tool,* 75 F.3d 362, 365 (8th Cir.1996) (citations omitted). To ultimately prevail on his ADA claim, Tschida must establish that Ramsey County subjected him to an adverse employment action "because of" his disability. *Mason v. Frank,* 32 F.3d 315, 318–19 (8th Cir.1994). Under the ADA, Tschida's claims of discrimination are subject to the familiar burden-shifting scheme. *Price v. S–B Power Tool,* 75 F.3d 362, 364–65 (8th Cir.1996).

Tschida avers he applied for several positions and was denied employment at every turn. Ramsey County argues that Tschida has failed to establish two elements of his prima facie case for each claim, that he is disabled within the meaning of the ADA and that he is qualified with or without an accommodation to perform the essential functions of the jobs at issue. The court assumes, without deciding, that the combination of Tschida's back and respiratory problems makes him disabled within the meaning of the ADA. Consideration of whether Tschida is qualified for each position is dispositive.

It is undisputed that Tschida bears the burden of coming forward with admissible evidence establishing each of the elements of his prima facie case. To withstand summary judgment, Tschida must present some evidence that he is qualified for the positions for which he applied or otherwise present sufficient evidence which raises a question of fact as to his qualifications. Other than listing the jobs to which he applied, Tschida has completely failed to provide any other information about each position and his ability to perform that specific job. Tschida has even failed to specify when he applied for each position.

Ramsey County, however, has come to Tschida's aid and submitted information regarding six positions to which Tschida applied from 1992–1994. Tschida applied for the position of Support Enforcement Agent I, Financial Worker I, Mechanical Stock Clerk I, Library Circulation Supervisor, Child Protection Worker and Employment Guidance Counselor I. Ramsey County has submitted the job description for each position. In turn, Tschida has failed to submit any evidence that he has the minimum qualifications for these jobs. Tschida's affidavit, the only evidence submitted, does not even aver that he held the minimum qualifications for these positions. Tschida's affidavit states, with regards to the positions applied, that:

¶ 26. I also applied for positions outside of Public Works–Correctional Officer I, Diversity Specialist, Financial Worker I, Me-

chanical Stock Clerk I, Support Enforcement Agent I, Employment Guidance Counselor, etc. I was not hired for any of these positions. For some of these positions, I was told that I did not 'pass' the test. I contend that the testing was discriminatory and not fairly scored. I believes [sic] that I did not receive any of these positions consistent with Anderson's earlier statement that I would not be transferred, promoted or reassigned because I was disabled and had requested accommodation.

Affidavit of Glen Tschida, Docket No. 17. Tschida's memorandum in opposition to Ramsey County's motion states: "[F]act issues exist concerning why Defendant did not reassign Tschida to vacant positions for which he was qualified, i.e., Crew Leader, employee guidance counselor, diversity specialist, etc." Plaintiff's Memorandum in Opposition, pg. 23, Docket No. 11. Conclusory allegations in a legal memorandum, however, are insufficient to sustain one's burden of production or create questions of fact. Tschida has failed to come forward with any evidence in support of an essential element of his claims, namely that he was qualified for the many positions to which he applied. Accordingly, summary judgment in favor of Ramsey County on each of Tschida's failure to hire claims is granted.

### C. Failure to Reinstate

 Tschida asserts that Ramsey County's failure to reinstate him in July 1993, upon his request for reinstatement, violates the ADA. Ramsey County argues that its failure to reemploy Tschida is not a new act of discrimination. Ramsey County relies on two decisions, *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295 (7th Cir.1995), and *Jablonski v. Chas. Levy Circulating Co.*, 888 F.Supp. 84 (N.D.Ill.1995). In *Graehling*, the Village of Lombard, Illinois offered police officer John Graehling two options in January 1991, following several incidents which warranted disciplinary actions. Graehling could "resign immediately, but with an effective date far enough ahead for his pension to vest, or be sent home on leave." *Graehling*, 58 F.3d at 296. Graehling accepted the first option, his resignation was accepted by the Village Board of Commissioners and he was assigned "make work" until his pension vested. In August 1993, some 32 months later, after the effective date of the ADA but before this scheduled departure, Graehling requested the opportunity to stay. His request was denied because the Village of Lombard considered Graehling's resignation irrevocable. *Id.*

Judge Esterbrook, writing for a panel including Chief Judge Posner and Judge Flaum, held that the refusal to allow Graehling to revoke his resignation was not a new act of discrimination as the "critical decision," the offer of two options and Graehling's acceptance, was made prior to the effective date of the ADA. *Id.* at 297. The court's holding was premised on the principle that an employer takes one dispositive act which triggers the statute of limitations. *Id.* Although effects are felt in the future and new injuries may be incurred, only one discriminatory act, the dispositive and first felt, is actionable. *Id.* Further, the court noted that Graehling presented no evidence that others were allowed to withdraw resignations or that the Village generally considered resignations revokable until enforced. Thus, no facts suggested a new act of discrimination occurred and the dismissal of Graehling's complaint was affirmed.

In *Jablonski v. Chas. Levy Circulating Co.*, plaintiff Sasha Jablonski was terminated on May 4, 1992, following knee surgery. The summer after her termination and after the effective date of the ADA, Jablonski applied for various positions with her previous employer, each time encountering a denial. In support of its motion to dismiss, Jablonski's employer argued that "if an employee is terminated prior to the effective date of the ADA, the employee's unsuccessful attempts to be reinstated after the effective date of the ADA do not constitute new acts of discrimination, and are therefore not actionable under the ADA." *Jablonski*, 888 F.Supp. at 85. The district court agreed with this as a basic proposition but held that Jablonski was not merely seeking reinstatement to her former position but rather sought employment in other positions with the company, thus, drawing a distinction between requests for reinstatement and requests for employment in other open positions. *Id.* at 86. Jablonski was allowed to proceed on her claims.

Finally, Judge Posner stated the following in a recent decision:

> The practical objection to this argument is that if accepted it would as a practical matter eliminate the statute of limitations in ADA cases. An employee discharged in 1992 could sue in 2002 after unsuccessfully demanding reinstatement, on the ground that he had been denied an accommodation. The proper analogy is to cases in which an employee seeks to extend Title VII's statute of limitations (incorporating by reference in the ADA) by reapplying for the job from which he claims to have been unlawfully fired, even though it is plain that reapplication is not invited. This ploy—which resembles trying to take an untimely appeal by first filing a Rule 60(b) motion to set aside the judgment and then appealing from the denial of the motion—has not succeeded in Title VII cases. It should not succeed in ADA cases either.

*Kennedy v. Chemical Waste Management, Inc.,* 79 F.3d 49 (7th Cir.1996) (internal citations omitted), *reh'g denied,* (April 22, 1996).

The decisions of the Seventh Circuit are not binding on this court, however, the court finds this authority persuasive. While the court stops short of holding that a plaintiff may never challenge a refusal to be reinstated, the court concludes that Ramsey County's refusal to reinstate Tschida in 1993 is not a new act of discrimination. Tschida has presented no circumstances surrounding the refusal to reinstate him which suggests that a new act of discrimination occurred. *See EEOC v. City of Norfolk Police Dept.,* 45 F.3d 80 (4th Cir.1995) (recognizing circumstances where a refusal to reinstate an employee may constitute a new act of discrimination). There was no vacancy in July 1993 when Tschida reapplied. There existed no right to be reinstated at that time under any employee policies promulgated by Ramsey County. No evidence was presented that Ramsey County workers were routinely reinstated upon request. No evidence was submitted that other individuals outside of the protected class were allowed reinstatement upon reapplication. By requesting reinstatement when no open position existed, Tschida merely attempts to challenge his employer's previous decision to terminate him and its decision to place him on workers' compensation leave in 1989. Neither the ADA statute of limitations nor the effective date of the ADA stretch that far. Accordingly, Tschida may not pursue Ramsey County's refusal to reinstate him in July 1993.

The same result is reached when the court considers the merits of Tschida's claim, for Tschida cannot establish the third element of his prima facie case, that he suffered an adverse employment actions under circumstances which give rise to an inference of discrimination. Obviously, a position must be available in order that a decision not to employ someone can constitute an adverse employment decision. Moreover, Tschida has not cited the court to any evidence which supports an inference of discrimination such as other similarly situated individuals outside of the protected class who were treated more favorably. *See Price,* 75 F.3d at 365. Ramsey County's motion for summary judgment is granted.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Ramsey County's motion for summary judgment is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**