**Frederick CARPENTER, Kathleen Henn, and Abigail Diaz, Plaintiffs,**

**v.**

**CITY OF NORTHLAKE, a municipal corporation, Defendant.**

**No. 95 C 4982.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 26, 1996.

---

Leonard J. Marturano Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, Junie L. Sinson, Patricia Mary Fennell, Karl Raymond Ottosen, Ottosen Sinson Trevarthen & Britz, Ltd., Wheaton, IL, for plaintiffs.

John Peirce Morrison, Nancy Ellen Bertoglio, Melissa Anne Siebert, Beil, Boyd & Lloyd, Chicago, IL, for City of Northlake.

### *MEMORANDUM OPINION AND ORDER*

HART, District Judge.

Plaintiffs Frederick Carpenter, Kathleen Henn, and Abigail Diaz are current or former employees of defendant City of Northlake's police department. Diaz, who is Hispanic and worked as a police dispatcher, alleges sexual harassment and retaliation for reporting the discrimination that eventually resulted in her termination. She also may be alleging sex discrimination and national origin discrimination. Henn is a police officer. She alleges sex discrimination, sexual harassment, and retaliation. Carpenter is an African–American police officer. He alleges race discrimination and retaliation. The alleged perpetrator of this conduct is Dominic Dilulio, a police sergeant and a supervisor of each plaintiff.[1]

The remaining counts of the complaint are as follows:[2] Counts I, II, and III are designated as civil rights claims pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Count I is on behalf of Diaz,

Count II on behalf of Henn, and Count III on behalf of Carpenter. The remaining claims are supplemental state law claims. Count VI is a wrongful discharge claim by Diaz pursuant to the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1. Count VII is an intentional infliction of emotional distress claim by Henn. Counts VIII, IX, and X, respectively brought by Diaz, Henn, and Carpenter, are claims that defendant breached oral and/or written contracts to provide a workplace free from sexual discrimination. Counts XII and XIII, respectively brought by Henn and Carpenter, are *respondeat superior* claims.

Presently pending is defendant's motion for summary judgment dismissing all claims except the Title VII claims contained in Counts I, II, and III. Plaintiff has also moved to strike defendant's reply brief in whole or in part on the ground that it exceeds the allowable page limit by two lines and because it contains an argument not raised in the initial brief. Defendant is admonished to henceforth comply with Local Rule 9(D) or specifically seek leave to file an oversized brief. Presently, though, leave to file the oversized brief will be granted *sua sponte.* As is discussed below, the new argument contained in the reply brief is rejected on its merits. Therefore, it is unnecessary to consider whether it should be considered waived. The motion to strike will be denied.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovants and all factual disputes resolved in favor of the nonmovants. *Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988); *Jakubiec v. Cities Service Co.,* 844 F.2d 470, 471 (7th Cir.1988). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Id.* at 473. The nonmovants, however, must make a showing sufficient to establish any essential element for which they will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

---

1. Dilulio was originally named as a defendant, but the claims against him were voluntarily dismissed.

2. Counts IV and V were against Dilulio only and therefore were previously dismissed. Subsequent to the presentation of defendant's motion for summary judgment, plaintiff voluntarily dismissed Count XI.

(1986). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Id.* at 324, 106 S.Ct. at 2553. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Covalt v. Carey Canada, Inc.,* 950 F.2d 481, 485 (7th Cir.1991); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473, 476–77 (7th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). As the Seventh Circuit has summarized:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 [106 S.Ct. 2548, 2552, 91 L.Ed.2d 265] (1986); *id.* at 325 [106 S.Ct. at 2553] ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the nonmoving party will bear the burden of proving at trial, the non-moving party must come forward with affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. *Id.* at 324 [106 S.Ct. at 2553]. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 [106 S.Ct. 1348, 1355, 89 L.Ed.2d 538] (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 [106 S.Ct. 2505, 2512, 91 L.Ed.2d 202] (1986).

*Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992).

■ For the first time in its reply, defendant contends that all the § 1983 claims should be dismissed because Title VII is the exclusive federal remedy for employment discrimination. Defendant cites *Jackson v. City of Atlanta, Texas,* 73 F.3d 60, 63 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996). *Jackson* followed Fifth Circuit precedent going back to at least 1984. *See id.* (citing *Irby v. Sullivan,* 737 F.2d 1418 (5th Cir.1984)). *Jackson* does not consider the implications of amendments to Title VII contained in the Civil Rights Act of 1991 (the "1991 Act"), 105 Stat. 1073 (1991). Unlike the Fifth Circuit, prior to the 1991 Act, the Seventh Circuit held that Title VII was not the exclusive remedy for intentional employment discrimination by a municipal entity, but that § 1983 also provided a remedy as a violation of the Fourteenth Amendment's equal protection clause. *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299 (7th Cir.1985). This holding was recently reaffirmed by the Seventh Circuit. *See Waid v. Merrill Area Public Schools,* 91 F.3d 857, 862 (7th Cir.1996). *Waid,* though, involved a pre–1991 claim and therefore the court did not expressly consider the implications of the 1991 Act. In *Beardsley v. Webb,* 30 F.3d 524, 527 (4th Cir.1994), the Fourth Circuit expressly considered the 1991 Act and held it had not changed the law on this issue. At least two district court cases in the Seventh Circuit have reached the same conclusion. *See Blatnicky v. Village of Shorewood,* 1995 WL 493474 *5–6 (N.D.Ill. Aug. 16, 1995); *Stoner v. Department of Agriculture,* 846 F.Supp. 738, 739–42 (W.D.Wis. 1994). *See also Annis v. County of Westchester,* 36 F.3d 251, 254–55 (2d Cir.1994). This court agrees with *Beardsley, Blatnicky,* and *Stoner* that the ruling in *Trigg* remains in effect even after passage of the 1991 Act.

The § 1983 claims will not be dismissed as preempted by Title VII.[3]

Defendant also contends that Henn's § 1983 claim should be dismissed as untimely. The complaint was filed August 30, 1995 and the parties do not dispute that a two-year limitation period applies to § 1983 actions. Henn, however, points to a number of instances of harassment that occurred in September 1993 or later.[4] There is no contention by defendant that this conduct does not constitute actionable discrimination. There is also no contention that the relationship between the post-September 1993 conduct and prior conduct is insufficient to support a continuing violation theory. Therefore, no § 1983 claims will be dismissed based on the statute of limitations. It is noted, though, that it appears doubtful that the pre-September 1993 conduct claimed by Henn may be pursued under § 1983. *See Galloway v. General Motors Service Parts Operations*, 78 F.3d 1164, 1167 (7th Cir.1996) (even if there is a continuing pattern of related harassment, claims based on conduct outside the limitation period are not preserved if it was evident before that time that an actionable claim existed).

■ Defendant moves to dismiss Diaz's Count VI IHRA claim on the ground that the IHRA does not provide for court actions. Unlike Title VII, the IHRA does not provide for *de novo* court proceedings, only for review of orders of the Illinois Human Rights Commission ("IHRC") after full exhaustion of administrative remedies and with all findings of fact of the IHRC sustained unless contrary to the manifest weight of the evi-

dence. 775 ILCS 5/8–111(A); *Drago v. Davis*, 1996 WL 479696 *3 (N.D.Ill. Aug. 20, 1996). *See also Talley v. Washington Inventory Service*, 37 F.3d 310, 312–13 (7th Cir. 1994); *Jablonski v. Chas. Levy Circulating Co.*, 888 F.Supp. 84, 86 (N.D.Ill.1995). Diaz argues she has fully exhausted her administrative remedies, pointing to an order of dismissal dated March 29, 1995, in which the IHRC grants her motion to withdraw her complaint. There is no contention that the IHRC erred in entering the order of dismissal and there apparently is no decision on the merits to review. *Cf. Drago*, 1996 WL 479696 at *3 n. 2. Count VI will be dismissed.

■ Counts VII and XII are Henn's intentional infliction of emotional distress claims based on Dilulio's alleged conduct and defendant's *respondeat superior* liability. A one-year statute of limitations applies to state law tort claims against an Illinois local governmental entity. 745 ILCS 10/8–101. Plaintiff again relies on a continuing violation theory. The only claimed incident occurring within one year of the filing of the complaint is the denial of a vacation request in June or July 1995. Henn points to no evidence to support that this denial was extreme and outrageous or that it caused her severe emotional distress. Therefore, it is insufficient to support a claim of intentional infliction of emotional distress. *See Anderson v. Village of Forest Park*, 238 Ill.App.3d 83, 179 Ill.Dec. 373, 382, 606 N.E.2d 205, 214 (1st Dist.1992). Since all other claimed conduct falls outside the limitation period, Counts VII and XII will be dismissed as untimely.

---

**3.** It is also noted that plaintiffs assert in their complaint that the conduct also constitutes a taking of property without due process of law. Whether such a claim is viable is not raised by defendant's motion for summary judgment. To the extent any plaintiff has a due process claim distinct from his or her equal protection claim, it clearly is not preempted by Title VII. *See Jackson*, 73 F.3d at 63 n. 13. Plaintiff could possibly have a § 1983 First Amendment retaliation claim as well. The viability of such claims must be assumed because defendant's motion does not challenge such claims on their merits. Similarly, since not challenged by defendant's motion, it must be assumed that plaintiffs could prove that any action taken was pursuant to a municipal

policy or custom as would be necessary to find defendant liable under § 1983. *See generally Jett v. Dallas Independent School District*, 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 509 (7th Cir.1993).

**4.** Plaintiffs failed to comply with Local Rule 12(N) in that they failed to provide a paragraph by paragraph response to defendant's Rule 12(M) statement. Defendant, however, does not raise the issue of failing to provide the Rule 12(N) statement. Consideration has been given to plaintiffs' citations to the record contained in the body of their answer brief.

▆ Defendant contends Diaz's Count VIII breach of contract claim should be dismissed because there is no evidence of an enforceable contract, oral or written. Diaz argues that she has adequately alleged the existence of a contract. That, however, is not sufficient. In response to the motion for summary judgment, the burden is on her to present sufficient evidence of the existence of a contract. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Selan*, 969 F.2d at 564. Plaintiff makes arguments about an oral contract, but does not point to deposition testimony or any other document that would support the existence of an oral contract. The only document cited is Exhibit F to plaintiffs' answer brief, a copy of a Northlake Police Department general order issued October 14, 1993. This document states the Department's formal policy prohibiting sexual and employee harassment. In the "Purpose" section, it is stated: "It is the policy of this law enforcement agency that all employees have the right to work in an environment free of all forms of harassment." The answer brief indicates the general order may be incorporated in an employee handbook, but no evidence of that is presented.

▆ A general order of a police department does not necessarily create an enforceable contract right. *See Altman v. City of Chicago*, 224 Ill.App.3d 471, 166 Ill.Dec. 740, 742, 586 N.E.2d 698, 700 (1st Dist.1991); *Lopez v. Shines*, 1993 WL 437450 *4–6 (N.D.Ill. Oct. 27, 1993); *Chicago Fire Fighters Union, Local No. 2 v. City of Chicago*, 1990 WL 70515 *2–3 (N.D.Ill. May 8, 1990). In determining whether an enforceable contract exists, the same legal rules are applied as would be applied to an employee handbook or other employee-related policy statement. *Altman, supra; Lopez, supra; Chicago Fire Fighters, supra.*

> [A]n employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employ-

ee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed.

*Duldulao v. St. Mary of Nazareth Hospital Center*, 115 Ill.2d 482, 106 Ill.Dec. 8, 12, 505 N.E.2d 314, 318 (1987).

Plaintiff points to no evidence as to how the general order was disseminated to her and other Police Department employees. Therefore, she has failed to provide sufficient evidence of an enforceable contract. *See Chicago Fire Fighters*, 1990 WL 70515 at *4. It is unnecessary to consider whether any of the other requirements for an enforceable contract are satisfied.

Since Diaz has failed to provide acceptable evidence of an enforceable contract, her contract claim must fail. Count VIII will be dismissed.

Counts IX and X are contract claims by Henn and Carpenter. Unlike Diaz, who was a dispatcher, Henn and Carpenter are police officers. Their relationship with defendant is governed by a collective bargaining agreement between defendant and the Fraternal Order of Police. Plaintiffs implicitly concede that any state law claim dependent on this contract is preempted by federal labor law. *See* 29 U.S.C. § 185; *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Instead, they argue that their contract claim is independent of the labor agreement. It is unnecessary to decide if they can have a contract claim independent of the labor agreement because, as with Diaz, they present insufficient evidence to support the existence of any enforceable contract rights (other than those contained in the collective bargaining agreement). Counts IX and X will be dismissed.

▆ Defendant seeks to dismiss Carpenter's Count XIII *respondeat superior* claim on the ground that no tortious act on

the part of Dilulio is alleged. In response, Carpenter points to Count XIII incorporating the allegations of Count III. Plaintiff, however, fails to identify what state law tort those allegations support. It is not necessary to specifically identify the legal basis or legal characterization of the claim in the complaint. *See Vidimos, Inc. v. Laser Lab Ltd.,* 99 F.3d 217, 222 (7th Cir.1996); *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir.1995); *Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1078 (7th Cir.1992). However, in responding to a motion to dismiss or motion for summary judgment, the legal basis of the claim must be identified. *See Stransky,* 51 F.3d at 1335. Plaintiff's response does not identify what torts he claims the facts would support, nor cite any supporting case law. The precise nature of the claims asserted is important because Illinois law treats any tort claim inextricably linked to a discrimination claim as one that must be brought pursuant to the IHRA, not one that can be pursued *de novo* in court. *See Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507, 203 Ill.Dec. 454, 458, 639 N.E.2d 1273, 1277 (1994); *Drago,* 1996 WL 479696 at *3. Count XIII will be dismissed.

IT IS THEREFORE ORDERED that plaintiffs' motion to strike is denied. Defendant is granted leave nunc pro tunc to file its oversized brief. Defendant's motion for summary judgment [43–1] is granted in part and denied in part. Counts VI, VII, VIII, IX, X, XII, and XIII are dismissed. In open court on January 8, 1997 at 9:15 a.m., the parties shall present an original and copy of a final pretrial order in full compliance with Local Rule 5.00.