(No. 76059.—

MELODY C. GEISE, Appellee, v. THE PHOENIX COMPANY OF CHICAGO, INC., *et al.* (The Phoenix Company of Chicago, Inc., Appellant).

*Opinion filed August 4, 1994.*

Chester A. Lizak, Richard W. Laubenstein and Paula S. Goldberg, of DiMonte & Lizak, of Park Ridge, for appellant.

Thomas F. Howard, Jr., of Bloomingdale, for appellee.

Gerald D. Skoning and Thomas J. Piskorski, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for *amicus curiae* Chicagoland Chamber of Commerce.

JUSTICE HARRISON delivered the opinion of the court:

Melody Geise brought this common law tort action in the circuit court of Du Page County to recover damages from the Phoenix Company of Chicago, Inc. (Phoenix), and the company's national sales manager, William Walthall. The basis for her claim was that Walthall had harassed her sexually, then caused her to be fired from

her job as a sales representative for Phoenix when she reported his misconduct to the company.

Phoenix did not deny that Walthall was guilty of improper conduct, but claimed that it was not legally responsible for his actions. Although the circuit court agreed and dismissed the counts against Phoenix with prejudice pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), the appellate court reversed and remanded for further proceedings (246 Ill. App. 3d 441). We then granted Phoenix leave to appeal (134 Ill. 2d R. 315(a)). For the reasons that follow, we now reverse the judgment of the appellate court, affirm the judgment of the circuit court, and remand for further proceedings.

Because Geise's claims against Phoenix were dismissed on the pleadings, we must accept as true all well-pleaded facts in her complaint and all inferences that can reasonably be drawn from those facts. (*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 9.) According to the complaint, Phoenix hired Geise as an inside sales representative on May 7, 1990. Throughout Geise's employment, Walthall made numerous sexual advances toward her that were unsolicited and without her consent. He tried to kiss and touch her. He dropped things down the front of her blouse. He misled her into believing that certain lunch meetings were business related, when they were actually "orchestrated with the purpose of making sexual advances toward [Geise]."

This was not the first time Walthall had engaged in such activity. Geise alleges that Walthall had a "history and predisposition of sexual harassment against women employees and co-workers" before assuming his managerial responsibilities at Phoenix. In fact, she asserts, he was dismissed from previous employment for engaging in such conduct. Geise claims that Walthall's history of

sexual misconduct at work would have been discoverable by Phoenix if only the company had made reasonable inquiries before it hired him.

Geise herself made numerous complaints to her supervisors about Walthall's conduct, but the company did nothing. Although it subsequently conducted an investigation based on new allegations by Geise and was able to confirm her charges, it still failed to take any remedial action against Walthall. Instead, on May 1, 1991, Geise was fired "as a measure by WILLIAM WALTHALL to retaliate against [Geise] for her failure to submit to his sexual advances and her attempts to inform PHOENIX of his actions." In addition, Geise alleges, Walthall's misconduct caused her to suffer severe emotional distress, manifested by anxiety, weight loss, sleeplessness, and depression.

Geise's complaint, as amended, contained four counts. Counts I and II were directed against Walthall and are not at issue here. This appeal concerns only counts III and IV, which sought to impose liability on Phoenix.

Count III, denominated as a claim for "negligent retention of employee," alleges that Phoenix gave Walthall primary supervisory duties over sales personnel such as Geise and made him responsible for evaluating their professional performance. Count III further alleges that Walthall was "unfit for the position of National Sales Manager, that required him to work with and have authority over women," and that Phoenix knew or should have known that this was so.

According to count III,

"in view of the relationship of authority and control imposed by the managerial position conferred on Defendant Walthall, the Defendant Phoenix owed a duty to its employees to protect them from harm to their persons, property and career advancement."

Geise avers that Phoenix breached this duty when it

failed to take any remedial action after "having factual knowledge and confirmation of Defendant Walthall's sexual harassment toward Plaintiff."

Count IV, designated as "negligent hiring of employee," incorporates all of the preceding allegations of the complaint. In addition, it charges (1) that at the time Phoenix employed Walthall, he had "a history of sexual discrimination and harassment[,] having been dismissed from previous employment for reasons of sexual discrimination and harassment," (2) that Walthall's improper behavior toward women employees at his previous job could have been discovered by Phoenix through reasonable inquiry, and (3) that Phoenix "owed a duty to [Geise] to investigate and breached its duty of care to its employees by hiring [Walthall] when [it] knew or should have known of his propensity for sexual harassment and discrimination." Count IV further charges that Phoenix was reckless and grossly negligent when it hired Walthall, notwithstanding his prior misconduct, for a position that required him to work with and have authority over women.

Phoenix moved to dismiss counts III and IV pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) on the grounds that they failed to state a cause of action. As noted at the outset of this opinion, the circuit court granted Phoenix's motion and dismissed both counts with prejudice. At the same time, it made an express written finding that there was no just reason to delay enforcement or appeal of its order. 134 Ill. 2d R. 304(a).

Over the partial dissent of one justice, the appellate court subsequently held that Illinois law recognizes common law tort actions against an employer for both negligent hiring and "negligently retaining in its employment an employee that the employer knew or should have known was unfit for the job so as to create a danger to third parties." (246 Ill. App. 3d at 453.) The

court further held that Geise's complaint adequately alleged the elements of both such causes of action. Accordingly, the court reversed the circuit court's judgment and remanded the cause for further proceedings.

In its petition for rehearing before the appellate court, Phoenix argued for the first time that Geise's action is barred by the exclusivity provision of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)). When rehearing was denied and Phoenix petitioned this court for leave to appeal, the company raised another new argument. This time it asserted that Geise's claim is tantamount to a charge of sexual harassment within the meaning of the Illinois Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 1—101 *et seq.*) and that the circuit court therefore lacked subject matter jurisdiction over her action by virtue of section 8—111(C) of the Act (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)). Now that leave to appeal has been granted, Phoenix raises the statutory bar of both the Workers' Compensation Act and the Human Rights Act. It also argues, in the alternative, that the appellate court erred in concluding that Geise's complaint properly stated causes of action for negligent hiring and negligent retention.

We turn first to Phoenix's argument that the appellate court's judgment should be reversed on the grounds that Geise's claim is barred by the exclusivity provision of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)). Phoenix argues at length that the Act should apply because Geise cannot establish any of the exceptions to the exclusivity rule, namely, that her injuries were not accidental, that they did not arise from her employment, that they were not received during the course of her employment, or that they are not compensable under the Act. See *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 463.

Without intimating any view as to the merits of Phoenix's argument, we note simply that it comes too late. The exclusivity provision set forth in section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)) is in the nature of an affirmative defense which is waived if not asserted by the employer at trial. *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 10.

The rule of waiver is, of course, a limitation on the parties and not the courts. (*In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 446.) In the exercise of its responsibility for a just result and the maintenance of a sound and uniform body of precedent, a reviewing court may consider issues not properly preserved by the parties. (*Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1994), 158 Ill. 2d 240, 251.) Here, however, such a course would be improper. This is not a case where some basic legal impediment exists to a claim or defense on which the judgment is based. Nor is this a situation where a party needs to be rescued from some inadvertent blunder it or its attorney made at trial.

As we have just discussed, section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)) is an affirmative defense which the employer is free to interpose or not as it sees fit. While an employer may normally be expected to avail itself of the Act's protection, this court recognized in *Doyle*, 101 Ill. 2d at 10, that this will not always be the case. For example, an employer may decide against invoking the Act in the hope that the plaintiff's common law negligence claim will fail, thereby enabling it to escape liability completely. Whether this was Phoenix's precise motive we cannot say, but there is nothing before us to suggest that its actions were anything but deliberate.

Phoenix's choice may not have turned out as it hoped. There can be no doubt, however, that our respon-

sibilities as a court of review do not extend to protecting a party from its own failed trial strategy. In an attempt to avoid this conclusion, Phoenix now asks us to allow it to choose again. After we took the case under advisement, the company moved for leave pursuant to Rule 362 (134 Ill. 2d R. 362) to amend its motion to dismiss in order to raise the bar of the Workers' Compensation Act.

We have taken this motion with the case and now deny it. By its terms, Rule 362 (134 Ill. 2d R. 362) authorizes amendments only to pleadings and process. Phoenix's motion to dismiss under section 2—615 attacks the sufficiency of Geise's pleadings, but is not itself a pleading. (See 735 ILCS 5/2—601 through 2—615 (West 1992).) Nor, of course, is it process. (See 735 ILCS 5/2—201 through 2—213 (West 1992).) In addition, the motion comes too late. Rule 362 expressly prohibits applications to make amendments where, as here, a case has already been submitted for decision. 134 Ill. 2d R. 362.

Although we must reject Phoenix's attempts to invoke the Workers' Compensation Act, the company's challenge under section 8—111(C) of the Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)) is well taken. Unlike section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)), section 8—111(C) of the Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)) goes to the court's subject matter jurisdiction. It therefore does not matter that the company was so tardy in advancing the issue, for a challenge to the court's subject matter jurisdiction may be raised at any time. *Dubin v. Personnel Board* (1989), 128 Ill. 2d 490, 496.

Section 8—111(C) of the Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)) states that "[e]xcept as otherwise provided by law, no court of this state shall

have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the] Act." There is no dispute that if Geise's common law action against Phoenix is construed as seeking redress for a "civil rights violation" within the meaning of this statute, the circuit court lacked original jurisdiction to consider it, and the dismissal of Geise's complaint with prejudice should be affirmed. See *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 7.

Section 2—102(D) of the Human Rights Act provides that it is a "civil rights violation" for "any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment." (Ill. Rev. Stat. 1989, ch. 68, par. 2—102(D).) "Sexual harassment" is defined to include

"any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when *** such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." Ill. Rev. Stat. 1989, ch. 68, par. 2—101(E)(3).

The harassment to which Geise was allegedly subjected by Walthall falls within this definition. Geise now argues, however, that Walthall's sexual harassment is separate and distinct from her claims against Phoenix. According to Geise, her action against Phoenix is unrelated to considerations of sexual harassment and is predicated on independent policy considerations. She therefore reasons that counts III and IV of her amended complaint cannot be construed as alleging a "civil rights violation" so as to trigger the Human Rights Act's jurisdictional bar (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)).

The notion that Phoenix's liability is not based on the prohibitions against sexual harassment is belied by the allegations of Geise's complaint. As our previous discussion of the pleadings reflects, the concept of sexual

harassment is inextricably linked to the claims made by Geise in counts III and IV. Absent the allegations of sexual harassment, Geise would have no independent basis for imposing liability on her former employer under the facts present here. Counts III and IV depend on the prohibitions against sexual harassment for their viability.

For Geise to suggest otherwise directly contradicts the position she took in the circuit court. In arguing that Phoenix had committed an actionable wrong, Geise expressly relied on section 703 of title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e—2 (1988)) and its attendant regulations. Section 703 of title VII is the Federal provision that prohibits sexual harassment in the workplace (see *Harris v. Forklift Systems, Inc.* (1993), 510 U.S. 17, 126 L. Ed. 2d 295, 114 S. Ct. 367), and the definition of sexual harassment set forth in the Federal regulations promulgated thereunder (29 C.F.R. § 1604.11(a) (1993)) is virtually identical to the one adopted by our General Assembly in section 2—101(E) of the Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 2—101(E)).

That Geise's claims are grounded on principles of sexual harassment was also recognized by the appellate court. In holding that Geise had properly alleged legal duties that would support recovery against Phoenix, the court referred to title VII and its accompanying regulations, as had Geise. In addition, the court explicitly invoked the prohibition against sexual harassment set forth in the Human Rights Act. (246 Ill. App. 3d at 448-49.) Following review of these statutes, the court concluded that Geise had adequately pleaded a cause of action based, *inter alia,* on "the serious harm that sexual harassment has been legislatively deemed to constitute." 246 Ill. App. 3d at 450.

Although Geise framed counts III and IV in terms of

"negligent hiring" and "negligent retention," the negligence allegations do not alter the fundamental nature of her cause of action. Considering Geise's prior reliance on title VII, it seems likely that these allegations were actually included for no reason other than to provide some basis for extending to Phoenix, the employer, responsibility for the sexual harassment committed by Walthall, one of its supervisory employees. Geise may have thought this necessary because, under title VII, employers are not always automatically liable for sexual harassment by their supervisors where the misconduct has created an intimidating, hostile or offensive work environment. (*Meritor Savings Bank v. Vinson* (1986), 477 U.S. 57, 72, 91 L. Ed. 2d 49, 63, 106 S. Ct. 2399, 2408.) Additional grounds for employer liability may be required.

Unlike title VII, the Human Rights Act has no such requirement. Where an employee has been sexually harassed by supervisory personnel, as Geise alleges here, the Act imposes strict liability on the employer, regardless of whether the employer knew of the offending conduct. (See *Board of Directors, Green Hills Country Club v. Human Rights Comm'n* (1987), 162 Ill. App. 3d 216, 221.) Under these circumstances, Geise's allegations of employer negligence are mere surplusage. Negligent or not, Phoenix would be responsible for Walthall's sexual harassment.

For the foregoing reasons, we conclude that counts III and IV of Geise's amended complaint must be construed as charging Phoenix with a "civil rights violation" within the meaning of the Human Rights Act. As a result, those counts are barred by section 8—111(C) of the Act (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)). In light of this holding, we need not reach Phoenix's additional arguments regarding the sufficiency of Geise's allegations.

The judgment of the circuit court dismissing counts III and IV with prejudice is therefore affirmed, the judgment of the appellate court is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*