668 N.E.2d 166 (1996)
282 Ill. App.3d 576
218 Ill.Dec. 3
Rada MAKSIMOVIC, Plaintiff-Appellant,
v.
William T. TSOGALIS, William T. Inc., an Illinois Corporation d/b/a Tiffany's Restaurant, and P.C. Partners d/b/a Comfort Inn, Defendants-Appellees.
No. 1-95-3791.
Appellate Court of Illinois, First District, Sixth Division.
June 28, 1996.
*167 Adamski & Conti, Chicago (Gregory A. Adamski, of counsel), for Appellant.
Brittain, Sledz, Morris & Slovak, Chicago (Max G. Brittain, Jr., Jane M. McFetridge and Wendy L. Nutt, of counsel), for Appellees.
Justice RAKOWSKI delivers the opinion of the court:
Plaintiff, Rada Maksimovic, filed suit against defendants, William T. Tsogalis, William T. Inc., an Illinois corporation doing business as Tiffany's Restaurant, and P.C. Partners doing business as Comfort Inn. Plaintiff's complaint contains five counts, only three of which are relevant here. These counts are directed at William T. Tsogalis and allege causes of action for assault, battery, and false imprisonment. The circuit court granted defendants'[1] motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 1994)) or in the alternative section 2-619(a) (735 ILCS 5/2-619(a) (West 1994)), finding it lacked subject matter jurisdiction pursuant to Geise v. Phoenix Co. of Chicago, Inc., 159 Ill.2d 507, 203 Ill.Dec. 454, 639 N.E.2d 1273 (1994). Plaintiff appeals contending Geise does not apply and the Human Rights Act (the Act) (775 ILCS 5/1-101 et seq. (West 1994)) does not preempt her claims. We affirm.

I. FACTS
Plaintiff began working for defendant on October 14, 1992, as a waitress in his restaurant. From the beginning, he verbally assaulted her and began making improper, unsolicited sexual advances. In Count III (assault), plaintiff alleges defendant made verbal threats, threatened to "give her a stiff one up the ass," told her to perform oral sex on him, made comments about her breasts, and said she was too friendly to customers and not to him. In Count IV (battery), plaintiff alleges defendant placed his hand under her skirt and grabbed her leg, grabbed her buttocks, and attempted to kiss her. In Count V (false imprisonment), plaintiff alleges defendant confined her in a walk-in cooler and told another waitress to leave. He made sexual advances, including touching her body, and would not allow her to leave although she attempted to.
As a result of the above, plaintiff was forced to quit on August 9, 1993. On November 1, 1993, plaintiff filed a complaint with the Illinois Human Rights Commission and on March 9, 1994, she filed the instant complaint.

II. ANALYSIS
The sole question presented is whether plaintiff's claims for assault, battery, and false imprisonment are preempted by the Illinois Human Rights Act.
Section 5/8-111(C) of the Act states: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C) (West 1994).
In Geise v. Phoenix Co. of Chicago, Inc., 159 Ill.2d 507, 203 Ill.Dec. 454, 639 N.E.2d 1273 (1994), plaintiff filed suit against employer and employee. The counts against employer alleged negligent retention and negligent hiring. The counts against employee alleged battery and intentional infliction of emotional distress. In Geise, plaintiff alleged her manager made numerous non-consensual sexual advances towards her and she repeatedly reported this conduct to her supervisors. She averred employee attempted *168 to kiss her, touch her body, placed his hand on her body, placed objects down her shirt, and misled plaintiff into thinking lunch engagements were for business purposes when they were used to make sexual advances. Plaintiff also alleged employee had a history of such conduct. The counts against employee were not before the supreme court.
Before the supreme court, employer contended that plaintiff's claims were barred by the exclusivity provision of the Act because the claims were tantamount to a charge of sexual harassment. The supreme court agreed finding that plaintiff's claims could be construed as seeking redress for a "civil rights violation" which remedy lies exclusively within the Act. It relied on Mein v. Masonite Corp., 109 Ill.2d 1, 7, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985).[2] The court stated:
"[T]he concept of sexual harassment is inextricably linked to the claims made by [plaintiff] in counts III and IV. Absent the allegations of sexual harassment, [plaintiff] would have no independent basis for imposing liability on her former employer under the facts present here. Counts III and IV depend on the prohibitions against sexual harassment for their viability." Geise, 159 Ill.2d at 516-17, 203 Ill.Dec. 454, 639 N.E.2d 1273.
Plaintiff contends that the trial court erred in dismissing her claims because the Act does not abrogate recovery for common law torts of assault, battery, or false imprisonment. Plaintiff relies on a number of cases (Sutton v. Overcash, 251 Ill.App.3d 737, 191 Ill.Dec. 230, 623 N.E.2d 820 (1993); Pavilon v. Kaferly, 204 Ill.App.3d 235, 149 Ill.Dec. 549, 561 N.E.2d 1245 (1990); Ritzheimer v. Insurance Counselors, Inc., 173 Ill.App.3d 953, 123 Ill. Dec. 506, 527 N.E.2d 1281 (1988); Bailey v. Unocal Corp., 700 F.Supp. 396 (N.D.Ill.1988); Clay v. Quartet Manufacturing Co., 644 F.Supp. 56 (N.D.Ill.1986)) and states that the test of whether a common law action is preempted is "whether the Human Rights claim and the cause at bar are so substantially similar that to allow both cases to be litigated is to encourage multiplicity of law suits and the possibility of inconsistent judgments." According to plaintiff, her sexual harassment claim and the claims before this court are not substantially similar. She contends she is seeking different recoveries and the causes are factually different since the elements are different. Additionally, she states that "[r]ecovery in one forum would not necessarily preclude or mandate recovery in the other forum." Finally, she alleges the trial court misapplied Geise because in Geise the only counts dismissed were negligent hiring and negligent retention and not the counts for assault, battery, and intentional infliction of emotional distress. She argues the procedural history of Geise demonstrates that causes of action for assault, battery, and false imprisonment remain viable since they are separate and distinct from sexual harassment.
The question here, whether assault, battery, and false imprisonment, are barred by the Act was not directly addressed in Geise since plaintiff's causes of action for intentional infliction of emotional distress and battery against the employee were not before the court. Also, there are no reported Illinois cases since Geise. Prior to Geise, three Illinois appellate court cases, Sutton v. Overcash, 251 Ill.App.3d 737, 191 Ill.Dec. 230, 623 N.E.2d 820 (1993), Pavilon v. Kaferly, 204 Ill.App.3d 235, 149 Ill.Dec. 549, 561 N.E.2d 1245 (1990), and Ritzheimer v. Insurance Counselors, Inc., 173 Ill.App.3d 953, 123 Ill. Dec. 506, 527 N.E.2d 1281 (1988), found that intentional infliction of emotional distress *169 and/or battery claims were not preempted. However, the issue has been addressed by the Northern District of Illinois with differing results.
One line of cases holds that neither the Act nor Geise preempt common law claims for intentional torts. In general, these cases retain the test employed before Geise to determine whether the civil rights claim and common law claim are linked, and find that if the elements differ and the common law cause of action furthers different goals than the Act, then the common law cause of action is not preempted.
In Alberts v. Wickes Lumber Co., No. 93 C 4397, 1996 U.S.Dist. LEXIS 1213 (N.D.Ill. February 5, 1996), the court refused to preempt plaintiff's claims for assault, battery, and intentional infliction of emotional distress against employee. The court defined "inextricably linked" by quoting Geise's "independent basis for liability" language. It then found Geise was limited and did not apply to plaintiff's case since the claims for assault, battery, and intentional infliction of emotional distress did not depend on allegations of sexual harassment to survive. The Alberts court stated plaintiff had pled additional facts, other than those of sexual advances, in her common law claims.
In Tolson v. HHL Financial Services, Inc., No. 94 C 5136, 1995 WL 461883, 1995 U.S.Dist. LEXIS 10850 (N.D.Ill. August 3, 1995), the court stated that "[t]he [Act] does not preempt all common law tort claims even if they arise in an employment context." Tolson, No. 94 C 5136, 1995 WL 461883, at *4, 1995 U.S.Dist. LEXIS 10850, at *11.
"It only preempts those claims predicated on the policies or provisions of the [Act]. Plaintiff's claim for intentional infliction of emotional distress is a common law tort theory rather than a civil rights violation and therefore, not dependent on the [Act] for viability. A claim may be preempted only when `the elements of the tort require proof of nothing more than that proscribed by the [Act].' [Citations.] Where the tort requires more, and thereby furthers goals in addition to those addressed by the [Act], there is no preemption." Tolson, No. 94 C 5136, 1995 WL 461883, at *4, 1995 U.S.Dist. LEXIS 10850, at *11.
The court rejected defendant's reliance on Geise.
Finally, in Bustos v. Illinois Institute of Cosmetology, Inc., No. 93 C 5980, 1994 WL 710830, 1994 U.S.Dist. LEXIS 18023 (N.D.Ill. December 16, 1994), the court held that common law "claim[s] [are] barred only when the elements of the alleged tort require proof of nothing more than that proscribed by the Act. [Citations.] Where the tort requires more, and thereby furthers goals in addition to those addressed by the Act, there is no preemption." Bustos, No. 93 C 5980, 1994 WL 710830, at *4, 1994 U.S.Dist. LEXIS 18023, at *11. Bustos' tort claims against employer and employee "d[id] not rely on a finding of intentional discrimination [as in Geise] by a jury. Not only are the elements distinct, but the purpose of each claim furthers goals beyond those endorsed by the Act." Bustos, No. 93 C 5980, 1994 WL 710830, at *4, 1994 U.S.Dist. LEXIS 18023, at *12. In Bustos, the common law claims were based solely on allegations of uninvited hugs, kisses, touches, and sexual innuendos. Both defendants filed motions to dismiss which were denied.
On the other hand, a second line of cases holds that the Act and Geise preempt all common law causes of action premised upon allegations of sexual harassment. They state that Geise created a new test and the standard was no longer whether the causes of action contained different elements or furthered different goals.
In Star v. Howard Orloff Imports Inc., No. 95 C 4322, 1996 U.S.Dist. LEXIS 8001 (N.D.Ill. June 10, 1996), the court dismissed plaintiff's claim against employee for intentional infliction of emotional distress. In this case, plaintiff argued that Geise only preempts actions against employers, not against employees. The court disagreed, finding that because plaintiff had a remedy against the employee under the Act, the claim for intentional infliction of emotional distress was barred by the Act.
In Johnson v. General Warehouse & Transportation Co., Inc., No. 95 C 6381, 1996 WL 308282, 1996 U.S.Dist. LEXIS 7769 *170 (N.D.Ill. June 3, 1996), the court dismissed plaintiff's claims for intentional infliction of emotional distress, assault, and battery against employer and employee as barred by the Act and Geise.
In Stewart v. Thomas, No. 95 C 6971, 1996 WL 308284, 1996 U.S.Dist. LEXIS 7809 (N.D.Ill. May 31, 1996), the court dismissed plaintiff's claim against employee for intentional infliction of emotional distress where plaintiff clearly relied on sexual harassment allegations to support her claim, the claim was "inextricably linked," and therefore, barred by Geise.
In Erickson v. Elco Industries, Inc., No. 95 C 50328, 1996 WL 268383, 1996 U.S.Dist. LEXIS 6904 (N.D.Ill. May 20, 1996), the court dismissed plaintiff's claims against employer and employee for intentional infliction of emotional distress finding that the "proof of elements test" had not prevailed since Geise and because plaintiff alleged the same facts in her common law claims as in her claim for sexual harassment.
In Damato v. Jack Phelan Chevrolet Geo, Inc., 927 F.Supp. 283 (N.D.Ill.1996), the court dismissed plaintiff's claim for battery against employer and employee as barred by Geise. Plaintiff's claim was based only on touchings that occurred as part of defendant's sexual harassment and she did not contend the touchings were anything but sexual in nature. The court stated that "[w]here a claim for tortious battery rests on the same facts as a sexual harassment claim (i.e., an offensive touching of a sexual nature) the battery claim is preempted under Geise." Damato, 927 F.Supp. at 290.
In Ibrahim v. Holidays Inn, Inc., No. 95 C 4316, 1996 WL 199743, 1996 U.S.Dist. LEXIS 5360 (N.D.Ill. April 19, 1996), the court barred plaintiff's claims for assault and battery where they were based on allegations of sexual harassment and thus, "inextricably linked". According to this court, "[c]ommon law claims that fall under the definition of sexual harassment set forth in § 2-101(E) are preempted by the Act, and must be brought before the Illinois Human Rights Commission, not Illinois courts." Ibrahim, No. 95 C 4316, 1996 WL 199743, at *6, 1996 U.S.Dist. LEXIS 5360, at *18-19. In the absence of sexual harassment allegations, plaintiff had no independent basis for her claim against employee.
In Hannigan-Haas v. Bankers Life & Casualty Co., No. 95 C 7408, 1996 WL 139402, 1996 U.S.Dist. LEXIS 3618 (N.D.Ill. March 26, 1996), the court barred plaintiff's claims for intentional infliction of emotional distress and battery against employee because the claims were "inextricably linked" to sexual harassment.
"Under the Illinois Human Rights Act, `unwelcome sexual advances' are a form of sexual harassment. * * * In the absence of [plaintiff's] sexual harassment allegations, [plaintiff] would have no independent basis for a claim against [defendant]." Hannigan-Haas, No. 95 C 7408, 1996 WL 139402, at *2, 1996 U.S.Dist. LEXIS 3618, at* 5-6.
It further rejected the test set forth in Bailey, Clay, and Ritzheimer since those cases were decided before Geise and because in Geise "it was not the lack of additional elements or independent policy considerations" barring plaintiff's claims. Instead, the claims were barred "because they were based on allegations `inextricably linked' to the concept of sexual harassment, and because absent [the sexual harassment] allegations the plaintiff had no independent basis for imposing liability on the defendant." Hannigan-Haas, No. 95 C 7408, 1996 WL 139402, at *3, 1996 U.S.Dist. LEXIS 3618, at *8-9. The Hannigan-Haas court stated that the Geise test was new and the previously employed test was no longer viable.
In Janopoulos v. Harvey L. Walner & Associates, No. 93 C 5176, 1996 WL 131754, 1996 U.S.Dist. LEXIS 3157 (N.D.Ill. March 15, 1996), the court rejected plaintiff's argument that Geise was inapplicable. Plaintiff failed to allege any facts or conduct independent of sexual harassment to support her intentional infliction of emotional distress claim. The court distinguished Tolson and Bustos, finding that in Tolson, the "court improperly distinguished Geise because, the court concluded, Tolson did not need to prove intentional racial discrimination in order to succeed on his [intentional infliction of emotional *171 distress] claim, and because the court concluded (without authority) that the [Act] `only preempts those claims predicated on the policies or provisions of the [Act].'" Janopoulos, No. 93 C 5176, 1996 WL 131754, at *2, 1996 U.S.Dist. LEXIS 3157, at *6, quoting Tolson, No. 94 C 5136, 1995 WL 461883, at *4, 1995 U.S.Dist. LEXIS 10850, at *11. According to Janopoulos, Geise focused on the "fundamental nature" of plaintiff's claims to conclude the Act barred them. As to Bustos, the Janopoulos court found it too improperly interpreted Geise and "improperly relied on the fact that the elements and the purposes of each claim `furthers goals beyond those endorsed by the Act.'" Janopoulos, No. 93 C 5176, 1996 WL 131754, at *2, 1996 U.S.Dist. LEXIS 3157, at *7, quoting Bustos, No. 93 C 5980, 1994 WL 710830, at *4, 1994 U.S.Dist. LEXIS 18023, at *12. Janopoulos' claim for intentional infliction of emotional distress against employer and employee was based solely on sexual harassment. Therefore, the claim was barred against both.
In Stahnke v. LMLM, Inc., No. 95 C 5473, 1996 WL 48610, 1996 U.S.Dist. LEXIS 1199 (N.D.Ill. February 5, 1996), the court reiterated that "state common law claims do[] not exist in the Illinois courts when the allegations on which the claim is based constitute a civil rights violation under the Illinois Human Rights Act." Stahnke, No. 95 C 5473, 1996 WL 48610, at *1, 1996 U.S.Dist. LEXIS 1199, at *3. Stahnke's claims were based entirely on racial discrimination, a violation encompassed by the Act. The court rejected plaintiff's argument that Geise did not apply because the elements were different, stating:
"[t]hese statements misconstrue the breadth of the holding in Geise. It was not the lack of additional elements or independent policy considerations that barred plaintiff's negligent hiring and negligent supervision claims, but the fact that the `concept of sexual harassment (was) inextricably linked to the claims.' [Citation.] Here, plaintiff's allegations underlying the intentional infliction of emotional distress tort are `inextricably linked' to the concept of race discrimination. Just as the plaintiff in Geise, `would have no independent basis for imposing liability on her former employer under the facts presented ... (which) depend on the prohibitions against sexual harassment for their viability,' the plaintiff here attempts to impose liability based on the prohibitions against race discrimination. [Citation.] This result is barred by Geise." Stahnke, No. 95 C 5473, 1996 WL 48610, at *2, 1996 U.S.Dist. LEXIS 1199, at *4-5.
In Jansen v. Packaging Corp. of America, 895 F.Supp. 1053 (N.D.Ill.1995), the court held that plaintiff's claim for intentional infliction of emotional distress against employer was preempted by the Act. It stated: "[d]efinitive recent precedent from the Illinois Supreme Court compels the conclusion that no jurisdiction exists for the judicial cognizance of the claim thus advanced by [plaintiff]." Jansen, 895 F.Supp. at 1069. Geise held that "allegations that are `inextricably linked' to the concept of sexual harassment must be construed as charging civil rights violations within the scope of that [Act]." Jansen, 895 F.Supp. at 1069. According to Jansen, plaintiff "herself has conceded that her claim of intentional infliction of emotional distress is linked in just such a fashion to her sexual harassment and retaliation claims." Jansen, 895 F.Supp. at 1069. Therefore, the court had no jurisdiction.
In Slaughter v. Waubonsee Community College, No. 94 C 2525, 1995 WL 106420, 1995 U.S.Dist. LEXIS 2872 (N.D.Ill. March 9, 1995), the court barred plaintiff's claims for assault and wilful and wanton conduct since they were "inextricabl[y] linked to her claims of sexual harassment" because the only allegations were of a sexual nature. Thus, it "construed [plaintiff's claims] as charging defendants with a civil rights violation within the meaning of the [Act], and [were] preempted and must be dismissed." Slaughter, No. 94 C 2525, 1995 WL 106420, at *2, 1995 U.S.Dist. LEXIS 2872, at *5. The court rejected plaintiff's reliance on Clay since it was decided before Geise.
In Al-Dabbagh v. Greenpeace, Inc., 873 F.Supp. 1105 (N.D.Ill.1994), the court again found that the "description [in Geise] of `inextricably linked' claims plainly covers [plaintiff's] efforts to fit her allegations [of *172 assault, battery, and intentional infliction of emotional distress] into common law categories." Al-Dabbagh, 873 F.Supp. at 1115. In Al-Dabbagh, plaintiff brought claims against the employer and employee. However, only the employer sought dismissal.
Finally, in Schwitzenberg v. Lifeline, Ltd. of Illinois, No. 94 C 5123, 1994 WL 684984, 1994 U.S.Dist. LEXIS 17298 (N.D.Ill. December 6, 1994), the court noted that it was true the test for evaluating preemption previously was whether the elements were different. However, the test was announced in cases decided prior to Geise. In Schwitzenberg, the court found plaintiff's claim was based solely on allegations of sexual harassment.
"Although Count II is framed as one for intentional infliction of emotional distress, absent the allegations of sexual harassment plaintiff would have no grounds for making such a claim. There are no other allegations of wrongful conduct on the part of the defendants, andin the language of Geise'[Count II] depend[s] on the prohibitions against sexual harassment for [its] validity.'" Schwitzenberg, No. 94 C 5123, 1994 WL 684984, at *5, 1994 U.S.Dist. LEXIS 17298, at *13-14, quoting Geise, 159 Ill.2d at 517, 203 Ill.Dec. 454, 639 N.E.2d 1273.
Thus, the claims were preempted.
Interestingly, a recent case to come down, Rushing v. United Airlines, 919 F.Supp. 1101 (N.D.Ill.1996), found that whether state common law actions against employees were preempted was an open question. In this case, plaintiff filed a claim against employee for intentional infliction of emotional distress. Although the court dismissed the claim, it did so without prejudice, and did so because there were no federal claims remaining against employee. According to Rushing, Geise "signals that such a claim against an employee's actual employer * * * is preempted by the [Act] [citation], Al-Dabbagh [citation] reserved judgment as to whether such a claim was viable against the offending employee." Rushing, 919 F.Supp. at 1112. Further, "[t]his Court's colleagues have differed on that score * * * [citations] * * *. One clear conclusion emerges from that tangle of opinions: Illinois law is not clear in this area." Rushing, 919 F.Supp. at 1112. Nonetheless, as outlined above, six cases have come down since Rushing, all preempting common law claims.
One could argue as plaintiff does that Geise does not control because it involved an employer and not an employee. However, this is a distinction without a difference since the Act applies to both employers and employees. It would be illogical to conclude that claims against employers are barred and conversely conclude that claims against employees are not. In fact, many district court decisions have rejected this distinction and found that claims against either are barred. See Star, No. 95 C 4322, 1996 U.S.Dist. LEXIS 8001 (employee); Johnson, No. 95 C 6381, 1996 WL 308282, 1996 U.S.Dist. LEXIS 7769 (both); Stewart, No. 95 C 6971, 1996 WL 308284, 1996 U.S.Dist. LEXIS 7809 (employee); Erickson, No. 95 C 50328, 1996 WL 268383, 1996 U.S.Dist. LEXIS 6904 (both); Damato, 927 F.Supp. 283 (both); Ibrahim, No. 95 C 4316, 1996 WL 199743, 1996 U.S.Dist. LEXIS 5360 (employee); Hannigan-Haas, No. 95 C 7408, 1996 WL 139402, 1996 U.S.Dist. LEXIS 3618 (employee); Janopoulos, No. 93 C 5176, 1996 WL 131754, 1996 U.S.Dist. LEXIS 3157 (both).
As to the fact pre-Geise cases utilize a different test, the supreme court was aware of this standard when it rendered its decision in Geise. The cases utilizing this test were briefed by the parties and Geise argued the "independent policy" standard before the court. However, the Geise court did not utilize this test and instead employed the "inextricably linked" and "independent basis for liability" standard in evaluating preemption. We believe Geise created a new standard that must be applied in the instant case.

III. CONCLUSION
We agree with those district cases that find intentional torts based on allegations of sexual harassment are barred. As in many of those cases, plaintiff's allegations in the case sub judice are "based only on touchings which occurred as part of defendant's sexual harassment and she d[oes] not contend *173 the touchings were anything but sexual in nature." Damato, 927 F.Supp. at 291. Because the fundamental nature of plaintiff's claims are offensive touchings of a sexual nature and she can not support a cause of action independent of these allegations, her claims for assault, battery, and false imprisonment are barred by the Act and Geise.
This is not to say that our decision is without reservation. We are aware that the aforementioned district court cases are not binding on us. Nevertheless, we are persuaded that the result we reach is in accord with Geise. We cannot meaningfully distinguish the conduct sub judice (placing hands on body, placing hands up skirt, attempting to kiss) from the conduct in Geise (placing hands on body, placing objects down clothes, attempting to kiss). Further, we are unpersuaded that a distinction should be made between claims against an employer as opposed to claims against an employee.
For the foregoing reasons, we affirm the decision of the circuit court of Cook County.
Affirmed.
McNAMARA and EGAN, JJ., concur.
NOTES
[1] Although the circuit court order states both defendants, Tsogalis and William T. Inc., filed motions for summary judgment and relief was granted to both, plaintiff's prayer for relief in each of these counts seeks redress only against defendant, William T. Tsogalis, individually. Therefore, we only address defendant individually.
[2] In Mein v. Masonite Corp., 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985), plaintiff filed suit against his employer for wrongful discharge based on age discrimination. The circuit court dismissed and the appellate court affirmed, finding the Act was the exclusive remedy for plaintiff. The supreme court agreed noting:

"The legislature has specifically provided through section 8-111(D) of the present act * * * that courts have no jurisdiction to hear independent actions for civil rights violations. It is clear that the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations. [Citations.] Debates on Senate Bill 1377, which became the Human Rights Act, confirm that the legislature intended by the Act to avoid direct access to the courts for redress of civil rights violations." Mein, 109 Ill.2d at 7, 92 Ill.Dec. 501, 485 N.E.2d 312.