**Robert BOWERS, Plaintiff,**

**v.**

**COOK COUNTY, Cermack Health Services of Cook County, certain unknown employee medical care giver of Cermack Health Services, And Lynn McGovern, d/b/a The Video Junction, Defendants.**

**No. 96 C 6114.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 6, 1997.

LeRoy Cross, Jr., Law Offices of LeRoy Cross, Jr., Chicago, IL, for Robert Bowers.

Harlene G. Matyas, Stuart N. Rappaport, Matyas & Norris, Chicago, IL, for Lynn McGovern.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Robert Bowers, has sued the defendant, Lynn McGovern, under state law.[1] The defendant has moved to dismiss. For the following reasons, the motion is granted.

### I.[2]

Mr. Bowers, a citizen of Michigan, is an African American. Mr. Bowers alleges that allowed the plaintiff to amend his complaint against Ms. McGovern. On March 28, 1997, Mr. Bowers filed a first amended complaint, reinstating Ms. McGovern.

1. On September 20, 1996, Mr. Bowers brought suit against Cook County, Cermack Health Services of Cook County, a certain unknown employee medical care giver of Cermack Health Services, and Lynn McGovern, d/b/a the Video Junction. In a February 5, 1997 Minute Order, I granted Ms. McGovern's motion to dismiss. On March 12, 1997, I granted Mr. Bowers' oral motion to voluntarily dismiss Cook County and Cermack Health Services of Cook County, and

2. At this juncture, I assume the truth of all alleged facts, construe them liberally, view them in the light most favorable to the plaintiff, and make all reasonable inferences in the plaintiff's favor.

on September 22, 1995, he was browsing in the Video Junction, the store owned and operated by Ms. McGovern, a Caucasian citizen of Illinois. The plaintiff purchased a newspaper and asked Ms. McGovern about playing the Illinois lottery. Ms. McGovern told Mr. Bowers that he was scaring her and demanded that he leave or she would call the police. When the plaintiff refused, Ms. McGovern called the police. The police arrested Mr. Bowers on Ms. McGovern's complaint. Seeking in excess of $50,000.00, Mr. Bowers claims that Ms. McGovern's actions were motivated by fear and/or dislike of African American men. Ms McGovern moves to dismiss, arguing that I lack jurisdiction.

## II.

■ Although the first amended complaint does not articulate theories of relief, in his response to the defendant's motion to dismiss, Mr. Bowers refers to the common law torts of false imprisonment and intentional infliction of emotional distress ("IIED"). Ms. McGovern contends that these tort claims are preempted by the Illinois Human Rights Act ("IHRA"). 775 ILCS 5/1–101 *et seq.* (West 1993 & Supp.1997). The IHRA provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8–111(C) (West Supp. 1997). If an Illinois state court lacks jurisdiction, so does a federal district court sitting in Illinois. *Guy v. Illinois,* 958 F.Supp. 1300, 1312 (N.D.Ill.1997). If Mr. Bowers' common law claims can be "construed as seeking redress for a 'civil rights violation' within the meaning of [the IHRA]," I lack jurisdiction over them. *Geise v. Phoenix Co. of Chicago,* 159 Ill.2d 507, 639 N.E.2d 1273, 1276, 203 Ill.Dec. 454, 457 (1994).[3]

■ To determine whether Mr. Bowers' tort claims can be construed as seeking redress for a civil rights violation, a court must "examine the plaintiff's tort claim[s] and assess whether there [are] any viable claim[s] remaining once all references to the civil rights claim[ ] are removed." *Russo v. Kap Graphics,* No. 96 C 2500, 1997 WL 17804, at *4 (N.D.Ill. Jan.14, 1997) (interpreting *Geise, supra* ). If not, "the tort claim[s] [are] barred by the [Illinois Human Rights] Act." *Id.* "Den[ial] or refus[al] to another [of] the full and equal enjoyment of the facilities and services of any public place of accommodation" on the basis of race or gender is a "civil rights violation" under the IHRA. 775 ILCS 5/5–102(A) (West 1993); 775 ILCS 5/1–102(A) (Supp.1997).

There is no dispute that the Video Junction is a public place of accommodation. *See* 775 ILCS 5/5–101(A) (West 1993). Mr. Bowers alleges that all of Ms. McGovern's conduct towards him was motivated by her fear and/or dislike of African American men. He says that she refused to answer his questions about the Illinois lottery, demanded that he leave the store, and threatened to call the police. On the facts, Ms. McGovern refused Mr. Bowers "the full and equal enjoyment of the ... services" of the Video Junction. *See* 775 ILCS 5/5–102(A). Since Mr. Bowers refused to leave the premises, Ms. McGovern's contacting the police and signing a complaint against the plaintiff were means by which the defendant denied Mr. Bowers' access to the physical premises of the Video Junction. *See id.* All of Ms. McGovern's race-motivated actions were "inextricably linked." *See Geise,* 639 N.E.2d at 1277, 203 Ill.Dec. at 457. Thus, after the allegations referring to a civil rights violation are removed, nothing is left of Mr. Bowers' false

*Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir. 1991).

**3.** In *Geise,* the plaintiff alleged that her supervisor sexually harassed her. 639 N.E.2d at 1274, 203 Ill.Dec. at 455. She further alleged that her employer was liable for negligently hiring and retaining the supervisor, a known sexual harasser. *Id.* at 1274–75, 203 Ill.Dec. at 455–56. The Illinois Supreme Court held that, pursuant to the IHRA, the trial court had no jurisdiction over the plaintiff's claims of negligent hiring and negligent retention because

the concept of sexual harassment is inextricably linked to the [negligent hiring and negligent retention] claims.... Absent the allegations of sexual harassment, [the plaintiff] would have no independent basis for imposing liability on her former employer under the facts present here. [The tort claims against the employer] ... depend on the prohibitions against sexual harassment for their viability. *Id.* at 1277, 203 Ill.Dec. at 458.

imprisonment and IIED claims. *See Russo,* 1997 WL 17804, at *4. These "claim[s] [are] therefore barred by [the IHRA] and *Geise."* *See id.* Accordingly, I have no jurisdiction over them.[4]

### Conclusion

For the reasons stated above, Ms. McGovern's motion to dismiss is granted. Mr. Bowers is given 20 days to amend his first amended complaint, or the dismissal will be with prejudice.

4. Mr. Bowers argues that finding preemption here would mean that no intentional tort claims implicating race in any way could be litigated. I disagree. Mr. Bowers alleges that the defendant's conduct was *motivated entirely* by racial animus, precisely the conduct the IHRA was designed to address.