JACQUELINE A. BARNARD, Plaintiff-Appellant, v. THE CITY OF CHICAGO HEIGHTS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—97—0120

Opinion filed March 4, 1998.

Hefter & Radke, of Chicago (Arthur F. Radke and Matthew S. Elvin, of counsel), and Berlin & Braude, of Skokie (Michael R. Goldfein, of counsel), for appellant.

Canna & Canna, Ltd., of Orland Park (John F. Canna, Thomas J. Canna, and Dawn M. Hambly, of counsel), for appellee Samuel Pavesich.

Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights (John M. Izzo and Christopher L. Petrarca, of counsel), for other appellees.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff Jacqueline Barnard appeals from three orders of the circuit court granting summary judgment in plaintiff's common law tort action to defendant City of Chicago Heights, plaintiff's employer, and defendants Douglas Barger and Salvatore Vicari (collectively, defendants), granting summary judgment to defendant Samuel Pavesich (Pavesich) and granting defendants' motion for leave to amend their affirmative defenses. On appeal, plaintiff contends that: (1) the trial court erred in granting summary judgment for defendants and Pavesich based on the exclusive remedy provision of the Illinois Human Rights Act (775 ILCS 5/1—101 *et seq.* (West 1994)) because plaintiff's claims against defendants and Pavesich were not inextricably linked to acts of sexual harassment; (2) defendants were not entitled to summary judgment based on any other ground asserted in their motion for summary judgment because "the evidence in the record and the reasonable inferences to be drawn from that evidence" support plaintiff's negligence and intentional tort claims against defendants, and defendants' affirmative defenses or "other affirmative matter" failed to establish that they were entitled to judgment as a matter of law; and (3) the trial court erred in granting defendants' motion to amend their affirmative defenses after summary judgment had been entered in favor of defendants. For the reasons set forth below, we remand this case for further proceedings.

On September 5, 1989, plaintiff was employed as a desk clerk by the City of Chicago Heights police department (Department). According to plaintiff, shortly after she started working, Pavesich, who was also employed by the Department as a sergeant, began making sexually offensive comments to her and other female employees. With respect to plaintiff, these comments included the use of obscene language and propositions for sexual activity, such as Pavesich's statements that he was having "wet dreams" about plaintiff and imagining how plaintiff would "feel inside."

On June 12, 1990, at approximately 1:30 a.m., plaintiff was off the Department's premises on a permitted break during her shift; plaintiff had gone to a restaurant to meet her boyfriend. While plaintiff was driving back to the police station, but before she had reached the station, Pavesich, who was on duty and driving his squad car, ordered her to pull her car over and get into his car. Plaintiff got into the car but left the door open. Pavesich then reached over, shut the door and eventually positioned himself so that he was "like on top of [her]." When plaintiff struggled to escape and told Pavesich to leave her alone, he held her face, kissed her with his tongue, opened her uniform shirt, grabbed her breasts, grabbed her between the legs,

tried to stick his hand inside her pants, and grabbed her hand and rubbed it over his genitals. Plaintiff continued to struggle, and Pavesich let her get out of the car after approximately five minutes. Plaintiff returned to the station but did not report the incident that day. From June through August 1990, Pavesich continued to make offensive comments to plaintiff, and once during August 1990 he came up behind her in her office, leaned over, put his arm around her and stuck his tongue in her ear.

Plaintiff reported the June 12, 1990, incident to her desk supervisor in August 1990, at which time the supervisor suggested that plaintiff report the incident directly to Captain Vicari. Approximately two weeks later, Vicari telephoned plaintiff at home and requested that she come to the station for a meeting. During the meeting, plaintiff told Vicari and two other captains about the June 12 occurrence. At the direction of the captains, plaintiff reduced her complaint to writing on August 27, 1990, in a departmental memorandum. According to Vicari, Pavesich's assignment inside the police station as watch commander was subsequently changed because Chief Barger wanted Pavesich "outside as much as possible" in order to "keep him outside and away from [plaintiff]."

In October 1990, Chief Barger and Captain Vicari brought charges against Pavesich before the Board of Fire and Police Commissioners of the City of Chicago Heights (the Board), stating that Pavesich violated various rules and regulations of the Department, including "unbecoming conduct," "immoral conduct," and "abuse of position" based on the June 12 incident. After a hearing, the Board issued a written decision on December 27, finding that the evidence supported the charges against Pavesich and ordering that Pavesich be suspended without pay for 30 days.

In December 1990, plaintiff requested and was granted a medical leave of absence from the police department because she claimed the incident with Pavesich caused her "severe emotional trauma, including a fear of going to work." Plaintiff did not return to work following the end of her leave and subsequently submitted a formal letter of resignation on January 29, 1991.

On June 11, 1991, plaintiff filed a complaint against the same defendants in the case at bar, in the United States District Court for the Northern District of Illinois, based on the June 12 incident, as well as other alleged acts of Pavesich which plaintiff claimed amounted to "sexual harassment." Counts I through IV of plaintiff's complaint were brought pursuant to title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e—2 (1988)); counts I and II alleged equal protection claims, and counts III and IV alleged due process viola-

tions. Count V alleged sexual harassment claims in violation of title VII, counts VI and VII alleged assault and battery claims, counts VIII and IX alleged intentional infliction of emotional distress claims, and count X alleged negligent supervision against defendants, except for Pavesich. The district court dismissed plaintiff's complaint on October 20, 1992.

On February 24, 1993, plaintiff filed a complaint in the circuit court of Cook County and, on February 1, 1994, she filed a six-count amended complaint. Counts I and III were directed against Pavesich and alleged claims of assault and battery and intentional infliction of emotional distress, respectively. Counts II, IV, V and VI were directed against the other defendants and alleged claims of assault and battery, intentional infliction of emotional distress, negligent retention, training and supervision of Pavesich and willful and wanton retention and failure to supervise Pavesich, respectively.

On July 17, 1996, defendants filed a motion for summary judgment, arguing that: (1) the exclusivity provisions of the Human Rights Act barred the trial court's jurisdiction; (2) plaintiff's claims were barred under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1994)) because they occurred during the course of plaintiff's and Pavesich's mutual employment; (3) defendants were not vicariously liable for Pavesich's alleged sexual assault; (4) plaintiff was unable to prove the requisite notice element for all of her claims against defendants; (5) defendants were immune from liability for their discretionary employment decisions; (6) plaintiff failed to allege facts establishing defendants' negligence or willful and wanton conduct; (7) plaintiff failed to plead facts that defendants' retention of Pavesich proximately caused her injury; and (8) plaintiff's constructive discharge claim was "inapplicable to the facts of this case." Specifically, with respect to the Human Rights Act, defendants relied on *Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill. 2d 507, 515-16, 639 N.E.2d 1273 (1994), arguing that the trial court lacked jurisdiction over the subject matter of plaintiff's complaint because the facts alleged fit the definition of a "civil rights violation" under the Human Rights Act, notwithstanding that plaintiff "attempt[ed] to frame her claims against *** [her] employer in terms of recognized common law tort claims." In her response to defendants' motion, plaintiff argued that the record contained sufficient evidence to support her causes of action, thereby precluding summary judgment for defendants. Plaintiff specifically argued that the acts complained of in *Geise* were distinguishable from those in the case at bar because they were not "violent and brutal." Plaintiff also argued that our court in *Maksimovic v. Tsogalis,* 282 Ill. App. 3d 576, 668 N.E.2d 166 (1996), "misread"

*Geise* to hold that "sexual harassment" under the Human Rights Act "include[s] any physical assault and battery," and that *"every* claim involving physical touching" should be barred under the Human Rights Act. (Emphasis in original.) On October 17, the trial court granted defendants' motion for summary judgment on all counts against them based on its determination that "the exclusivity of the remedies of the Illinois Human Rights Act" barred it from exercising jurisdiction.

Pavesich also filed a motion for summary judgment, arguing that plaintiff's common law tort claims against him were barred by the Human Rights Act. On December 5, 1996, the trial court granted Pavesich's motion based upon the exclusive remedy provision of the Human Rights Act. This appeal followed.

Plaintiff first contends that the trial court erred in granting summary judgment to defendants and Pavesich based on the exclusive remedy provision of the Human Rights Act (Act) (775 ILCS 5/1—101 *et seq.* (West 1994)), arguing that Pavesich's conduct toward plaintiff on June 12, 1990, constituted a "violent, physical attack" that was "purely and simply a physical assault and battery" and not a sexually harassing type of touching encompassed within the definition of "sexual harassment" under the Act. Plaintiff maintains that her negligence and intentional tort claims against defendants and Pavesich based on Pavesich's conduct before, on and after June 12, therefore, do not depend on allegations of sexual harassment and do not fall under the Act. Plaintiff further argues that since Pavesich's acts cannot be defined as sexual harassment, "Pavesich is liable for the assault and battery as the perpetrator and the City defendants are liable as the facilitators."

Defendants and Pavesich contend that the trial court properly granted summary judgment to them based on the exclusive remedy provision of the Act because plaintiff's claims against defendants are based upon alleged occurrences that took place in an employment setting and depend upon prohibitions against sexual harassment for their viability. More specifically, defendants and Pavesich argue that the fundamental nature of the June 12 incident as alleged by plaintiff is sexual and cannot be described in any other way. Defendants further argue that "the Act constitutes the sole remedy for *all* sexual harassment in the employment context," including "minor" incidents of sexual harassment. (Emphasis in original.) Therefore, defendants and Pavesich argue that because plaintiff's intentional tort claims of assault, battery and intentional infliction of emotional distress were based on facts identical to a sexual harassment claim, *i.e.*, an offensive touching of a sexual nature, plaintiff's common law tort claims are barred by the Act.

■ It is well settled that appellate review of an order granting summary judgment is *de novo*. *Lajato v. AT&T, Inc.*, 283 Ill. App. 3d 126, 134, 669 N.E.2d 645 (1996). A motion for summary judgment should be granted only if the pleadings, depositions, and affidavits on file demonstrate that no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Simpson v. Byron Dragway, Inc.*, 210 Ill. App. 3d 639, 645, 569 N.E.2d 579 (1991). In determining whether a genuine issue as to any material fact exists, a reviewing court must view the evidence in a light most favorable to the nonmoving party. *Smith v. St. Therese Hospital*, 106 Ill. App. 3d 268, 270, 435 N.E.2d 939 (1982).

■ The Act provides that no Illinois court "shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the] Act." 775 ILCS 5/8—111(C) (West 1994). Section 2—102(D) of the Act states that it is a "civil rights violation" for "any employer, employee, agent of any employer, *** to engage in sexual harassment." 775 ILCS 5/2—102(D) (West 1994). The Act defines "sexual harassment" as

> "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when *** such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2—101(E) (West 1994).

If a common law tort claim is construed as a civil rights violation because it falls under the definition of sexual harassment as set forth in the Act, there is no dispute that the circuit court will not have original jurisdiction to consider it. In such a case, the plaintiff's common law tort claims will be barred by the exclusive remedy provisions of the Act because the claims will be "construed as seeking redress for a 'civil rights violation' within the meaning of [the Act]." *Geise*, 159 Ill. 2d at 515-16.

We find *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 687 N.E.2d 21 (1997), dispositive of the issue of whether the trial court erred in granting summary judgment for defendants and Pavesich in the case at bar. In *Maksimovic*, the plaintiff alleged that the defendant, a co-employee, made verbal threats and sexually offensive comments to her; placed his hand under her skirt and grabbed her leg; grabbed her buttocks; attempted to kiss her; and confined her in a walk-in cooler where he made sexual advances to her, including touching her body. The plaintiff filed a complaint with the Human Rights Commission based on a claim of sexual harassment and, later, an action for damages in the circuit court based on intentional tort claims of assault, battery and false imprisonment. The circuit court subsequently

granted summary judgment to the defendants, holding that it lacked subject matter jurisdiction because the plaintiff's "tort claims were in the nature of sexual harassment." *Maksimovic*, 177 Ill. 2d at 514-15. This court, relying on *Geise*, affirmed the circuit court in *Maksimovic v. Tsogalis*, 282 Ill. App. 3d 576, 668 N.E.2d 166 (1996), on the basis of lack of subject matter jurisdiction to adjudicate the plaintiff's claims of intentional torts related to sexual harassment, stating that "[b]ecause the fundamental nature of plaintiff's claims are offensive touchings of a sexual nature and she cannot support a cause of action independent of these allegations, her claims for assault, battery and false imprisonment are barred by the Act and *Geise*." *Maksimovic*, 282 Ill. App. 3d at 586. This court further concluded that any intentional tort claim factually related to allegations of sexual harassment barred the circuit court from exercising jurisdiction over those claims. *Maksimovic*, 282 Ill. App. 3d at 585-86.

Our supreme court specifically allowed the *Maksimovic* plaintiff's petition for leave to appeal for the purpose of clarifying its holding in *Geise*, *i.e.*, "that where [a plaintiff's] tort claim is 'inextricably linked' to claims of sexual harassment such that there is 'no independent basis for imposing liability' apart from the Act itself" (*Maksimovic*, 177 Ill. 2d at 513, citing *Geise*, 159 Ill. 2d at 516-18), the plaintiff is actually seeking redress for a civil rights violation as defined by the Act and, therefore, the circuit court will lack original jurisdiction to hear the claims (*Geise*, 159 Ill. 2d at 516-18). In *Geise*, the plaintiff had alleged that during her employment, the company manager made numerous sexual advances, including trying to kiss and touch her, dropping things down the front of her blouse, and misleading her into believing that various lunch meetings were business-oriented when they were actually intended for the purpose of his making sexual advances to her. In holding that the plaintiff's claims against the defendants were for a civil rights violation within the meaning of the Act, the *Geise* court found it relevant that the plaintiff originally filed her cause of action pursuant to title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e—2 (1988)) in the federal district court, and noted that the definition of sexual harassment set forth in title VII is virtually identical to the one in the Act. The *Geise* court observed that therefore it would be contradictory for the plaintiff to argue that the same conduct she pled as "sexual harassment" in the district court complaint did not constitute a claim for "sexual harassment" under the Act. *Geise*, 159 Ill. 2d at 517.

In reversing this court, our supreme court in *Maksimovic* explained that "[t]he rule from *Geise* is not that the Act precludes the circuit court from exercising jurisdiction over *all* tort claims related

to sexual harassment. Rather, whether the circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." (Emphasis in original.) *Maksimovic*, 177 Ill. 2d at 517. The *Maksimovic* court determined that the plaintiff's claims of assault, battery and false imprisonment "clearly," under the *Geise* standard, were not inextricably linked to her claim of sexual harassment; rather, "[t]he sexual harassment aspect of [the plaintiff's] case is merely incidental to what are otherwise ordinary common law tort claims" "which exist wholly separate and apart from a cause of action for sexual harassment under the Act." 177 Ill. 2d at 517. The *Maksimovic* court concluded that "[t]o the extent that the plaintiff has alleged the elements of each of those torts without reference to legal duties created by the Act, she has established a basis of imposing liability on the defendants independent of the Act." *Maksimovic*, 177 Ill. 2d at 517. In so holding, the *Maksimovic* court relied on the language of the Act and the policy underlying it, explaining that common law rights and remedies are in full force in Illinois unless clearly and plainly repealed by the legislature or modified by court decision, the express language of the Act indicates an intent that the Act provide an exclusive remedy for " 'civil rights violations' " related to sexual harassment in the workplace, the Act "makes no mention of common law actions," and an intent by the legislature "to abolish all common law torts factually related to sexual harassment is not apparent from a plain reading of the statute." *Maksimovic*, 177 Ill. 2d at 518.

The *Maksimovic* court further distinguished the purpose of an action to redress a civil rights violation from that of a common law tort action, stating that the grant of exclusive jurisdiction to the Human Rights Commission over sexual harassment claims amounting to civil rights violations "was intended to promote the efficient and uniform processing of state civil rights claims" and "[a] civil rights action under the Act is designed, in part, to eradicate sexual harassment in the workplace," whereas assault, battery and false imprisonment are "long-recognized tort actions" for the redress of bodily integrity and personal liberty violations, the adjudication of which "has traditionally been within the province of our courts." *Maksimovic*, 177 Ill. 2d at 518. Accordingly, the *Maksimovic* court concluded that the circuit court is not precluded from "exercising jurisdiction over *all* tort claims related to incidents of sexual harassment"; if a plaintiff can establish the necessary elements of a common law tort independent of any statutory cause of action under the Act, and thus a tort claim not inextricably linked with a civil rights violation, the circuit court has

jurisdiction to adjudicate that tort claim. (Emphasis added.) *Maksimovic*, 177 Ill. 2d at 518-19.

■ In the present case, it is undisputed that the trial court granted summary judgment to defendants and Pavesich based solely on its determination that it lacked jurisdiction over plaintiff's common law tort claims because of "the exclusivity of the remedies of the *** Act." However, it is unclear from the record whether the trial court based its ruling solely on this court's decision in *Maksimovic*, now reversed, holding that the Act bars *any* common law tort claim related to sexual harassment, or if the court considered and determined that plaintiff's tort claims were inextricably linked to her claims of sexual harassment, thereby lacking an independent basis for their viability. Accordingly, we remand this case to the trial court for reconsideration of defendants' and Pavesich's motions for summary judgment in light of our supreme court's decision in *Maksimovic*. Because we are remanding this case, we need not address plaintiff's remaining arguments.

Remanded, with directions.

CERDA and WOLFSON, JJ., concur.